DIEDRICH BLANKE v. THE BOARD OF HEALTH OF THE
CITY OF HOBOKEN.

Argued February 24, 1899—Decided November 13, 1899.

A license fee of $2 required of milk venders by an ordinance of the board
of health of Hoboken is valid. It is not for the purposes of revenue,
but is a reasonable compensation for the expense of issuing license and
making the necessary inspection of milk.

On *certiorari* to review an ordinance of the Hoboken board
of health.

Before Justices DEPUE and VAN SYCKEL.

For the prosecutor, *William S. Stuhr.*

For the defendant, *Edwin A. S. Lewis.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The *certiorari* in this case brings up for
review the legality of the conviction of the prosecutor of
violating section 1 of the ordinance of the board of health
of Hoboken, which requires a permit from the board for
selling milk in said city.

The alleged infirmity in the conviction is that the board
of health had no power by its ordinance to impose a license
fee of $2.

The board was duly organized under the laws of this state.
*Pamph. L.* 1897, *p.* 270.

It thereby had power to adopt and alter ordinances pro-
hibiting the sale of, or having in possession for sale, any milk
containing any unhealthful ingredient, constituent or substance,
or which has been transported or stored in an unclean manner
or place, or which is produced from cows which are diseased,
or which are kept or stabled under unhealthful conditions.

It could also and did adopt an ordinance requiring any person engaged in the sale of milk to furnish to said board, when so requested, a statement as to the locality from which said milk was procured, and also a full and complete list of the persons from whom said milk was purchased, and the names and addresses of all customers or persons to whom he may sell or deliver milk.

The act of 1897 likewise gives the board power to prescribe a penalty of not less than $10 nor more than $100 for the violation of ordinances.

The penalty was fixed by the board at $25.

The second section of the act of 1897 was amended in 1898, but the amendment does not affect this controversy. *Pamph. L.* 1898, *p.* 428.

No express power is given to require a license fee by way of taxation for raising revenue, and therefore a license fee for that purpose could not be supported. *Benson* v. *Hoboken,* 4 *Vroom* 280; *North Hudson County Railway* v. *Hoboken,* 12 *Id.* 71; *Muhlenbrinck* v. *Commissioners,* 13 *Id.* 364; *Clark* v. *New Brunswick,* 14 *Id.* 175; *Morgan* v. *Orange,* 21 *Id.* 389.

But these cases recognize the power to pass ordinances in such instances requiring a license fee sufficient to pay the expense of the license and the necessary expense of inspecting the milk.

This license fee is manifestly for that purpose, and not for the purpose of revenue. It is of the highest importance for the preservation of the public health that milk should be most carefully and constantly inspected.

For the labor and expense which will fall upon the board in the proper discharge of this duty a license fee of $2 is a very reasonable charge.

In our judgment the ordinance is valid and the proceedings certified should be affirmed, with costs.